UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GIORGI MIKANADZE,

           Plaintiff,

v.

DANIEL HOWARD REED, STEPHEN JOHN POLLAK, and ALLIED VAN LINES, INC.,

           Defendants.

**ORDER TRANSFERRING CASE**
22-CV-2617 (HG)

      The Court hereby transfers this case to the United States District Court for the Northern District of Ohio, as agreed upon by the parties, to cure the lack of venue in this Court, as further explained below. *See* ECF Nos. 14–16.

      Plaintiff brought this case asserting various negligence claims under state common law, pursuant to the Court's diversity jurisdiction, related to a vehicle accident. *See* ECF No. 1 ¶¶ 1, 25–113. The accident allegedly occurred near Jackson Township, Ohio, in Mahoning County, which is located within the Northern District of Ohio. *See id.* ¶¶ 64–67; ECF No. 18 at 3, 8; 28 U.S.C. § 115(a)(1).[1] Plaintiff alleges that he is a resident of Queens County, New York, which is located within the Eastern District of New York. *See* ECF No. 1 ¶ 6; 28 U.S.C. § 112(c). He further alleges that he received follow-up medical treatment related to the accident at a medical facility in Kings County, New York, which is also located within the Eastern District of New York. *See* ECF No. 11 at 2; 28 U.S.C. § 112(c).

---

[1]     Plaintiff's complaint alleged that the accident occurred in Jackson County, which is located within the Southern District of Ohio. *See* ECF No. 1 ¶¶ 64–67; 28 U.S.C. § 115(b)(2). However, Plaintiff corrected this allegation by submitting a report prepared by the Ohio State Highway Patrol around the time of the accident, which confirms that the accident occurred in Mahoning County. *See* ECF No. 18 at 3, 8.

Defendants' residences do not supply a basis for venue in the Eastern District of New York because not "all defendants are residents of" New York. 28 U.S.C. § 1391(b)(1). Defendants Daniel Howard Reed and Stephen John Pollak, the alleged driver and owner, respectively, of the vehicle involved in the accident with Plaintiff's vehicle, are allegedly residents of Pennsylvania. *See* ECF No. 1 ¶¶ 7–8, 39, 48; ECF No. 10 at 1.

Neither Plaintiff's complaint nor any of his additional submissions to the Court demonstrate that venue is proper in this District on the ground that "a substantial part of the events or omissions giving rise to" Plaintiff's claim occurred in the Eastern District of New York. 28 U.S.C. § 1391(b)(2); *see* ECF Nos. 1, 11, 12, 18. Plaintiff has not alleged that Defendants Reed or Pollak have any connection at all to New York—much less a connection that relates to the vehicle accident giving rise to Plaintiff's claims. Furthermore, despite alleging that Defendant Allied Van Lines does business in New York, Plaintiff has not alleged that any of the business that Allied Van Lines may conduct in the Eastern District of New York is or was related in any way to his accident. *See* ECF No. 1 ¶¶ 9–22.[2]

Despite having multiple opportunities to provide information showing that the Eastern District of New York is a proper venue, Plaintiff has identified his follow-up medical treatment in Kings County as the sole purported connection between his vehicle accident and this District. *See* ECF No. 11 at 2; ECF No. 12 at 2–3. However, "it is well-established that the location of

---

[2] During a conference held on June 17, 2022, Defendants' counsel asserted that Plaintiff's complaint improperly named Allied Van Lines as a defendant because Allied Van Lines merely holds a license required for the interstate transport of household goods and had authorized a different entity, Allegheny Valley Transfer Co., Inc., to perform the moving job that led to Defendants' involvement in Plaintiff's accident. *See* ECF No. 10 at 1. Defendants did not provide the Court with sufficient information to address the validity of this argument, which Allied Van Lines may raise in the transferee court through whatever means that court decides is procedurally appropriate.

the effects of a tort have no bearing on venue." *Holloway v. Holy See*, 537 F. Supp. 3d 502, 506 (S.D.N.Y. 2021); *see also Pisani v. Diener*, No. 07-cv-5118, 2009 WL 749893, at *7 (E.D.N.Y. Mar. 17, 2009) (holding that plaintiff's "continued alleged suffering in Nassau County does not create venue in this District where all of the events relevant to the claims took place in Florida"). Accordingly, Plaintiff's alleged "follow-up medical care" resulting from an accident that occurred in the Northern District of Ohio "is insufficient to establish proper venue" in the Eastern District of New York "because such allegations do not give rise to the claim." *Pushkin v. Nussbaum*, No. 10-cv-9212, 2012 WL 75409, at *1 (S.D.N.Y. Jan. 9, 2012) (internal quotation marks and citation omitted).

In light of the defects in Plaintiff's venue allegations described above, Defendants requested permission to move to dismiss for lack of venue. *See* ECF No. 10. Alternatively, they requested permission to move to transfer this case to the Northern District of Ohio, *see id.*, pursuant to 28 U.S.C. § 1406, which permits "[t]he district court of a district in which is filed a case laying venue in the wrong division or district" to "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court received multiple submissions from Plaintiff in opposition to Defendants' proposed motion and held a conference related to the proposed motion on June 17, 2022. *See* ECF Nos. 11–12. During that conference, the Court instructed the parties to inform the Court whether all parties would consent to a transfer. On July 18, 2022, the parties confirmed that they all consent to transferring this case to the Northern District of Ohio. *See* ECF Nos. 15–16.

Accordingly, due to Plaintiff's failure to allege a basis for venue in the Eastern District of New York, and consistent with the parties' consent, the Court hereby ORDERS a transfer of this case to cure the lack of venue, pursuant to 28 U.S.C. § 1406(a). The Court respectfully directs

the Clerk of Court to immediately transfer this case to the United States District Court for the Northern District of Ohio. The Court waives compliance with Rule 83.1 of the Local Rules for the Eastern District of New York, which otherwise imposes a seven-day delay in the transfer of relevant case materials.

      SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
         July 28, 2022